

February 18, 2025

**VIA ECF**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals
  for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:   *Novartis Pharmaceuticals Corp. v. Fitch*, No. 24-60342
             (5th Cir.) (arg. Feb. 25, 2025)
             Response to Letter Under Fed. R. App. P. 28(j) (Dkt. 48-1)

Dear Mr. Cayce:

Novartis's reliance on *PhRMA v. Morrisey*, 2024 WL 5147643 (S.D. W. Va. 2024) (Op.), is misplaced.

*First*, Novartis invokes *Morrisey*'s ruling that a West Virginia law "similar to" HB 728 "regulates [drug] price, not delivery" (Op. *8) and thus unlawfully "enforce[s]" section 340B. Letter 1. But that ruling defies the West Virginia law's text, which—like HB 728—expressly regulates "'delivery'" and respects section 340B's price caps. Op. *3. And the record here shows that HB 728 *in fact* regulates and affects delivery of drugs to Mississippi covered entities' patients. ROA.131 (¶ 12); *compare* Op. *8-9.

*Second*, Novartis suggests that laws like HB 728 require state actors "'to determine certain federal questions'" and thus risk "'differing adjudications by differing sovereigns.'" Letter 2 (quoting Op. *11). That ruling rests on the flawed view (addressed above) that such laws "enforce" section 340B. Op. *11. And Novartis has never substantiated

1

its conflicting-adjudications claim. It did not even make that claim in its opening brief—which forfeits the point—and did not support the claim even on reply. Reply Br. 12, 16. If Novartis means that a state actor must "determine" whether a provider is a covered entity, that is wrong. HHS publicly identifies covered entities. https://340bopais.hrsa.gov/coveredentitysearch; *cf.* Novartis Br. 23-24 (HHS "alone is responsible" for "notifying" States and drug makers of covered entities' "identities") (citing 42 U.S.C. § 256b(a)(9)). State actors will accept those facts—not "determine" them. And if Novartis means that it may wish to challenge a provider's covered-entity status or compliance, it must go to HHS—which decides and remedies those claims. 42 U.S.C. § 256b(a)(5)(D), (d)(2)(B)(v). State actors will not "determine" such questions.

*Last*, Novartis invokes harm and the equities. Letter 1-2. The State addressed these points (State Br. 39-43) and emphasizes: Despite Novartis's herculean protestations, *e.g.*, Reply Br. 2, 9-11, 20, the record shows that HB 728 affects patients' access to covered drugs. ROA.130-131 (¶¶ 10, 12). That defeats Novartis on the equities and confirms that HB 728 regulates health and drug delivery—and is not preempted.

Respectfully submitted,

/s/ Scott G. Stewart

Scott G. Stewart
  *Solicitor General*
Justin L. Matheny
Anthony M. Shults
  *Deputy Solicitors General*
MISSISSIPPI ATTORNEY
  GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Email: scott.stewart@ago.ms.gov

*Counsel for Defendant-Appellee*

cc: All counsel of record via ECF